**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEJANDRO FELIPE MUNOZ INOSTROZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Civil Action No. 26-11028 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Alejandro Felipe Munoz Inostroza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his unlawful detention and arguing that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Habeas Pet., ECF No. 1.) Respondents ("Government") filed an answer. (Gov't Answer, ECF No. 4.) Petitioner did not reply.

Petitioner, a Chilean citizen, entered the United States on May 8, 2023, pursuant to a Visa Waiver Program ("VWP"). (*Id.* at 1.) Petitioner was permitted to stay until August 5, 2023. (*Id.*) Petitioner remained in the country beyond August 5, 2023, without authorization. (*Id.*)

On August 26, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) On the same day, ICE served Petitioner with a Notice of Intent to Issue a Final Administrative Order, a Final Administrative Removal Order, and a Notice to Alien Ordered Removed/Departure Verification. (*Id.*; ECF No. 4-1; ECF No. 4-2; ECF No. 4-3.) Petitioner refused to sign the Notice of Intent to Issue a Final Administrative Order. (Gov't Answer at 1; ECF No. 4-1 at 3.)

On August 26, 2026, Petitioner filed the instant Petition challenging the legality of his detention. (*See generally* Habeas Pet.) The Government answered (Gov't Answer), and Petitioner did not reply.

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden of showing he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues that his detention is unlawful. (*See generally* Habeas Pet.) The Government filed an answer claiming that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1187(c)(2)(E), as he violated the VWP conditions. (*See generally* Gov't Answer.) Alternatively, the Government asserted Petitioner is subject to a final order of removal pursuant to 8 U.S.C. § 1231. (*Id.*)

The Government's initial argument—that Petitioner is detained pursuant to § 1187—lacks merit. § 1187 does not authorize the Government to detain noncitizens. *See, e.g.*, *Cruz De Carvalho v. Blanche*, No. 26-10272, 2026 WL 2547371, at * 1 (D.N.J. Aug. 28, 2026) (collecting cases). The plain text of § 1187(c)(2)(E) "says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP." *Molina v. Soto*, No. 25-16880, 2025 WL 3281820, at *3 (D.N.J. Nov. 25, 2025). To the contrary, § 1187(c)(2)(E) expressly states "[n]othing in this subparagraph creates any duty for the United States or any right for any alien with respect to

removal or release." So, the only language in the VWP statute related to detention makes clear the statute "was intended *not* to create any right or duty regarding the 'removal or release' of detained aliens." *Emila N. v. Ahrendt*, No. 19-5060, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019). Accordingly, § 1187 does not authorize Petitioner's detention.

The Government argues in the alternative that Petitioner is mandatorily detained pursuant to § 1231, as he has a final administrative order of removal. (Gov't Answer at 2.) "In the deportation context, a final order of removal is a final order concluding that the [noncitizen] is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (cleaned up). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580. Petitioner's Final Administrative Removal Order indicates his status as a VWP violator means his "order is final and not subject to administrative appeal," and that the Department of Homeland Security "will proceed with [his] removal . . . unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the . . . Executive Office for Immigration Review." (ECF No. 4-2.)

Petitioner does not claim to have a pending asylum application, so his order of removal is final. Petitioner is thus subject to 8 U.S.C. § 1231's detention provisions. § 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of [ninety] days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 (2001) ("After entry of a final removal order and during the [ninety]-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was issued a final order of removal on

August 27, 2026. As a result, Petitioner's detention is still within the ninety-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

Accordingly

IT IS, on this 6th day of October 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**